UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AGUILAR, ET AL : | |
|     Plaintiffs, : | |
| : | CIVIL ACTION NO. |
| v. : | 3-07-cv-193 (JCH) |
| : | |
| IMPERIAL NURSERIES, ET AL : | MAY 28, 2008 |
|     Defendants. : | |

**RULING RE: PLAINTIFFS MOTION FOR DEFAULT JUDGMENT (DOC. NO. 67)**

The court found defendants Pro Tree Forestry Services, William Forero, and Hernando Aranda (collectively "defendants") in default on November 1, 2007 for failure to answer plaintiffs' Complaint. See Ruling (Doc. No. 60). Plaintiffs now move the court for default judgment pursuant to Federal Rule of Civil Procedure 55(b).

Upon consideration of the plaintiffs' memorandum in support of their motion, the court grants plaintiffs' motion with the exception of their request for prejudgment interest on Compensatory Damages. See Pl.'s Mem. in Supp. at 74 (Doc. No. 67). The standard for the award of prejudgment interest was set out by the Second Circuit in Wickam Contracting Co, Inc. v. Local Union No. 3, Inter'l Brotherhood of Electrical Workers, AFL-CIO, 955 F.2d 831, 836 (2d Cir. 1992). Discretionary awards of prejudgment interest are permissible under federal law when the awards are "fair, equitable and necessary to compensate the wronged party fully." Id. at 835. The factors considered in awarding prejudgment interest are "analysis of the pertinent statute and its purposes; the need to fully compensate the injured party; fairness and the relative equities; and the specific circumstances of the parties and of the case." Id. at 836. Finally, the "degree of speculation" in the damages must then be "considered in

light of these other factors to determine the propriety of the judgment." Id.

The court finds that the statutes at issue and the necessity to fully compensate the wronged parties weigh against granting prejudgment interest on plaintiffs' compensatory damages. Plaintiffs seek punitive damages on these counts. The Second Circuit in Wickam noted that, "prejudgment interest is improper where the statute itself already provides for full compensation or punitive damages." Id. at 835 (citing Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 80 (2d Cir. 1971). Furthermore, while "the old common law rule of liquidated damages no longer retains its full vitality," the "certainty of the damages due to the plaintiff" remains a factor in resolving prejudgment interest issues. Id. at 835-6. The court finds that the lack of certainty as to what the amount of the compensatory damages would be weighs against awarding prejudgment interest on those claims.

Therefore, the court orders default judgment as to Pro Tree Forestry Services, William Forero, and Hernando Aranda, jointly and severally, to enter in favor of plaintiffs in the amounts they requested, less prejudgment interest on their tort claims, as follows:

- Plaintiff Alexander Aguilar is awarded $679,663.09
- Plaintiff Carlos Aguilar is awarded $394,195.17
- Plaintiff Leopoldo Santos Catu is awarded $660,000
- Plaintiff Santos Chajchaguin is awarded $822,000
- Plaintiff Marvin Coto is awarded $827,127.43
- Plaintiff Esteban Epinoza is awarded $392,641.40
- Plaintiff Walter Hernandez is awarded $824, 796.78

- Plaintiff Angel Mendoza is awarded $823,864.52

- Plaintiff Hugo Oreno is awarded $679,929.19

- Plaintiff Carlos Pinto is awarded $391,553.77

- Plaintiff Hector Rodas Lopez is awarded $392,019.90

- Plaintiff Luis Amilcar Rodriguez is awarded $823,234.01.

The clerk is directed to close the case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 28th day of May, 2008.

  /s/ Janet C. Hall
Janet C. Hall
United States District Judge